The opinion of the Court was delivered by
Glover, J.
On the first trial of this case, a receipt given by the plaintiff’s wife, without his knowledge, admitting that the negro in controversy, with some others, “ was to be returned when called for,” was oifered in evidence, and rejected by the presiding Judge. For error in this ruling, a new trial was granted, and the Judge, who delivered the opinion of this Court, says, “ Something more than merely his ignorance of what the father said or did, must appear to make it a fraud on his marital rightsand he supports this view, not only on the authority of cases referred to, but by some put by way of illustration, and concludes, that in the cases suggested, the husband would be liable for the acts of his wife, except by showing a fraud by concealment or otherwise. It is admitted that the husband would be bound by his wife’s declarations, whether by deed or parol; and although conditions and limitations may be annexed to the delivery or gift, that are known only to the wife, and unknown to the husband, yet that he would be bound by them.
He claims through his wife, and must adopt her acts. (Henson vs. Kinard, 3 Strob. Eq. 371.)
The second, third and fourth grounds of appeal submit, that there was nothing in the case proved that could constitute a fraud upon the plaintiff.
Although the mere ignorance of the husband that conditions had been imposed on the delivery of the property, would not *380 defeat such conditions; yet there is a manifest distinction between an ignorance on his part and a designed concealment on the part of the parent. The formei-, without more, would not authorize a presumption from which fraud could be inferred; whereas the latter closes all the channels through which the husband might derive a knowledge of his rights to the property. Studied concealment is, of itself, a fact from which an intention to deceive may be inferred. Suppose the delivery of slaves to a son-in-law, coupled with a secret understanding, designedly concealed, that a loan only is intended; and, acting under the presumption of a gift, which the law authorizes, he shall purchase real estate, and incur all the expense incident to the settlement of a plantation : the parent, in the mean time, standing by and interposing no claim till a large investment is made in lands that are no longer valuable, when the force necessary for their cultivation is withdrawn. Will it be said that this is not a fact from which fraud may be inferred 1 It is not unlike the familiar case of one who stands by and sees another erect expensive improvements on real estate under color of a'n apparently good title, without interposing his better title. Other cases may be readily suggested, which will justify the former opinion delivered in this case, touching the effect of the receipt, as against the husband; and how far circumstances may authorize the conclusion, that there was a design to conceal what he ought to know.
The concealment connected with the receipt was properly submitted to the jury, and the defendant has had the benefit of strong intimations by the presiding Judge against the inference of fraud from that circumstance. This Court would have been satisfied if the verdict had been for the defendant; but can see no reason to order a third trial.
Motion dismissed.
O’Neall, Wardlaw, Withers, Whitner, and Munro, JJ., concurred.

Motion dismissed.